ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| ROSA ISELA CRUZ SÁNCHEZ y otros<br>**Recurridos**<br><br>v.<br><br>TRANS-OCEANIC LIFE INSURANCE COMPANY y otros<br>**Peticionarios**<br>_____<br><br>DALITZA LUGO SOLER y otros<br>**Recurridos**<br><br>v.<br><br>TRANS-OCEANIC LIFE INSURANCE COMPANY y otros<br>**Peticionarios**<br>_____<br><br>LUVY ANN ROLDÁN GONZÁLEZ y otros<br>**Recurridos**<br><br>v.<br><br>TRANS-OCEANIC LIFE INSURANCE COMPANY y otros<br>**Peticionarios**<br>_____<br><br>ZORAIDA MÉNDEZ CARRERO y otros<br>**Recurridos**<br><br>v.<br><br>TRANS-OCEANIC LIFE INSURANCE COMPANY y otros<br>**Peticionarios**<br>_____<br><br>SANDRA MONSEGUR SUÁREZ y otros<br>**Recurridos**<br><br>v.<br><br>TRANS-OCEANIC LIFE INSURANCE COMPANY y otros<br>**Peticionarios** | KLCE202500655<br><br>Consolidado con<br><br>KLCE202500664 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de **Bayamón**<br><br>Caso Núm.<br>**D AC2009-1225** consolidado con<br>**D AC2009-2359;**<br>**D AC2011-0150;**<br>**D AC2010-3935** y<br>**D AC2019-0008**<br><br>Sobre:<br>Incumplimiento de Contrato, Cobro de Dinero, Daños y Perjuicios |

Número Identificador
RES2025_____

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

Cintrón Cintrón, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de junio de 2025.

En los casos consolidados de referencia, Trans-Oceanic Life Insurance Company (TOLIC) junto a Touma & Taveras, Inc. (T&T) (KLCE202500655) y Universal Life Insurance Company (ULICO) (KLCE202500664) (en conjunto, parte peticionaria) impugnan la *Resolución #4* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI)[1], el 29 de enero de 2025, reducida a escrito el 21 de febrero de 2025.[2] Mediante dicha determinación, el TPI declaró *Sin Lugar* la *Moción Conjunta de Desestimación por Falta de Jurisdicción en cuanto a Sigfredo Rodríguez y Erika Maldonado* instada por la parte peticionaria.

Por los fundamentos expuestos a continuación, denegamos la expedición del auto de *certiorari* solicitado.

## I.

El pleito de epígrafe inició en el 2009 cuando múltiples agentes de seguros demandaron a ULICO y a TOLIC por incumplimiento de contrato, cobro de dinero y daños. En el caso instado por la señora Sandra Monsegur Suárez y otros, civil núm. DAC2019-0008, se incluyó la compañía T&T como codemandada.[3]

Según surge del expediente, el caso ha tenido un prolongado trámite procesal en el Tribunal de Primera Instancia. Además, las mencionadas aseguradoras comparecieron ante este Foro por medio de los recursos KLCE202500300 y KLCE202500320 para que revisáramos un dictamen interlocutorio del TPI relacionado a una solicitud de exclusión de prueba pericial. Así, citaremos *ad*

---

[1] Mediante *Resolución* emitida el 27 de junio de 2025, ordenamos la consolidación de los casos de epígrafe.

[2] Notificada el 26 de febrero de 2025.

[3] La demanda original le presentó el 20 de marzo de 2017 y se le asignó el número de caso KAC2017-0444.

*verbatim[4]*, en lo pertinente, la relación de hechos de la disposición de este Tribunal de Apelaciones con fecha del 16 de mayo de 2025:

> En esencia, los promoventes de la acción instada, en calidad de agentes de seguros, gerentes y agentes generales (en conjunto agentes o demandantes o recurridos) fueron contratados por Universal para solicitar y ofrecer pólizas de seguros de cáncer de enfermedades temidas y accidentes. A su entender, Universal se obligó a compensarlos a base de comisiones de renovaciones y sobrecomisiones de renovación, conforme a una tabla de comisiones anejada a los contratos suscritos entre ellos y Universal. Lo antes, a su entender, comprendía un periodo de diez años desde la fecha de efectividad de la póliza aun si el contrato fuera terminado, salvo por justa causa. Los agentes cobraron sus comisiones hasta marzo de 2008 cuando mediante un *Contrato de Compraventa y Cesión de Derechos,* Universal vendió la cartera de pólizas de cáncer y enfermedades temidas a TOLIC. Expusieron que, al traspasar la cartera de pólizas, Universal, traspasó sus derechos como acreedores de las comisiones y/o sobrecomisiones de renovación sin pagar lo adeudado y sin su anuencia. Detallaron que, Universal ha emitido cheques para honrar el pago de lo adeudado, pero TOLIC se ha negado a entregar los pagos, pendiente a que cada agente firme un nuevo contrato con TOLIC.

> Por ello y entre otros asuntos expuestos, reclamaron remedios por incumplimiento de contrato, interferencia torticera, cobro de dinero, enriquecimiento injusto, así como, resarcimiento por los daños y perjuicios sufridos a causa de los actos y de las omisiones realizadas por las referidas compañías aseguradoras.

El 31 de enero de 2018, en el caso de Sandra Monsegur Suárez, se solicitó enmendar la demanda al palio de la Regla 13.1 de Procedimiento Civil. Específicamente, se adujo que, como ninguna de las partes demandadas había presentado sus respectivas alegaciones responsivas, procedía la enmienda como cuestión de derecho. Ello, únicamente para incluir como partes demandantes a Sigfredo Rodríguez Martínez, Érika Maldonado Rodríguez y la Sociedad Legal de Bienes Gananciales compuesta por ambos. El 26 de febrero de 2018, TOLIC se opuso a la enmienda, bajo el razonamiento de que, tratándose de partes demandantes nuevas, éstas tenían el deber ministerial de presentar su demanda

---

[4] Notas al calce omitidas.

separada, cancelar el correspondiente arancel y emplazar a las partes demandadas.[5]

Luego de varios incidentes procesales, y en lo que atañe al recurso que hoy atendemos, el 24 de septiembre de 2024, ULICO, TOLIC y T&T incoaron una *Moción Conjunta de Desestimación por Falta de Jurisdicción en cuanto a Sigfredo Rodríguez y Erika Maldonado.* Alegaron que, ni el señor Rodríguez Martínez, ni la señora Maldonado Rodríguez cancelaron aranceles cuando se incluyeron como partes demandantes en la demanda original, por lo que el TPI no ostentaba jurisdicción para considerar sus alegaciones y reclamaciones. Precisaron que no estaba presente ninguna de las excepciones reconocidas en nuestro ordenamiento jurídico para eximirlos del pago correspondiente o que se les permitiera subsanar con posterioridad el mismo. Añadieron que la inclusión del matrimonio Rodríguez Maldonado no interrumpió el plazo prescriptivo aplicable para incoar la acción de cobro de dinero por comisiones de renovaciones de pólizas. Recalcaron que el pago tardío de los aranceles no subsanaría las consecuencias jurídicas que ello acarreaba, entiéndase, que la cancelación en esta etapa de los procedimientos no tendría efectos retroactivos al 31 de enero de 2018, cuando debieron haberse cancelado al enmendar la demanda en el caso de Sandra Monsegur Suárez. Ante ello, razonaron que el señor Rodríguez Martínez, la señora Maldonado Rodríguez y la Sociedad Legal de Bienes Gananciales compuesta por ambos no eran partes en este pleito al no haber comparecido conforme a derecho.

El 13 de noviembre de 2024, el matrimonio Rodríguez Maldonado se opuso al petitorio de desestimación. Arguyó que la

---

[5] ULICO instó una *Contestación a Demanda en el Caso Monsegur Suárez v. TOLIC, DAC2019-0008, Reconvención y Demandas de Coparte contra TOLIC y Touma & Taveras, Inc.* el 18 de diciembre de 2020, mientras que TOLIC incoó una *Contestación a Demanda en el Caso Monsegur Suárez v. TOLIC, DAC2019-0008, Reconvención y Demandas de Coparte contra ULICO* y T&T presentó su contestación a demanda enmendada y reconvención el 1 de junio de 2021.

demanda enmendada fue aceptada por el Tribunal y las partes demandadas presentaron sus respectivas alegaciones responsivas contra esta. Particularizó que, en aquel entonces, los funcionarios del TPI no señalaron reparo alguno sobre la demanda enmendada, ni notificaron deficiencia en cuanto a la cancelación del arancel. Así, aunque destacó que en el caso de autos se pagó el arancel cuando se presentó la demanda en el 2017; que éstos se pagan por demanda y no por demandantes en la acción, incluyó con su comparecencia el arancel en cuestión.

ULICO, TOLIC y T&T replicaron a lo anterior mediante moción instada el 3 de enero de 2025. Especificaron que la falta de cancelación de aranceles no se trató de una inadvertencia de los funcionarios del Poder Judicial, sino del propio matrimonio Rodríguez Maldonado, quien sabía o debió saber que la demanda enmendada contemplaba la acción que inició su reclamo. Hicieron hincapié en su reparo con la falta de cancelación de los aranceles porque la situación era clara: unos nuevos demandantes que pretendían beneficiarse del foro sin sufragar los derechos contemplados por ley. Por último, esbozaron que cuando el matrimonio Rodríguez Maldonado presentó los aranceles requeridos en noviembre de 2024, ello demostró la dejadez e inobservancia de este requerimiento. Sostuvieron que procedía la desestimación por falta de jurisdicción en cuanto al matrimonio Rodríguez Maldonado.[6]

Así las cosas, el 26 de febrero de 2025, el foro de instancia notificó la determinación que hoy revisamos. Según adelantado, se declaró *Sin Lugar* la solicitud de desestimación presentada por ULICO, TOLIC y T&T. El TPI expresó lo siguiente:

> Aranceles de primera comparecencia fueron cancelados posteriormente por codemandantes en cuestión y no estamos ante una situación jurídica donde la omisión del pago haya sido secuela del fraude o colusión de

---

[6] El 4 de febrero de 2025, el matrimonio instó una dúplica.

estos para privar al Erario Público (sic) de las cuantías adeudadas por ello. *M-Care Compounding, et al. v. Dept. Salud*, 186 DPR 159 (2012).

Inconformes, ULICO, TOLIC y T&T instaron una *Moción de Reconsideración y de Solicitud de Aclaración sobre Resolución Número 4*. En síntesis, discutieron que el TPI: (1) aplicó incorrectamente la norma establecida en *M-Care Compounding, et al. v. Dept. Salud* y (2) no abordó el impacto que tiene en el término prescriptivo la falta de pago del arancel y la omisión de los demandantes al no perfeccionar su escrito dentro del plazo correspondiente. El foro *a quo* denegó el petitorio de reconsideración mediante un pronunciamiento notificado el 16 de mayo de 2025.

Aun en desacuerdo, TOLIC junto a T&T (KLCE202500655) comparecen ante nos, y alegan que el TPI cometió los siguientes errores:

> Incidió gravemente el TPI Sala Superior de Bayamón al no determinar que la omisión en el pago de aranceles en este caso fue atribuible a los demandantes o a sus abogados, y no a un error del Tribunal. Los demandantes sabían que debían pagar los aranceles y decidieron no hacerlo por lo que, procedía desestimar la demanda conforme a la norma de *M-Care Compounding, et al. v. Dept. Salud*, 186 DPR 159, 177 (2012).

> Erró el TPI Sala Superior de Bayamón aún si se concluyese que fue un error clerical del Tribunal -lo que se niega- al no resolver que la validez del escrito no es retroactiva; y su vigencia comenzó el 14 de noviembre de 2024, por lo que procedía desestimar los reclamos en la enmienda, previo a esa fecha.

Por su parte, ULICO (KLCE202500664) entiende que el foro de instancia erró:

> Al no desestimar la reclamación de Sigfredo Rodríguez y Erika Maldonado por la falta de cancelación oportuna del arancel en su primera comparecencia como demandantes.

> En la aplicación de la norma de *M-Care Compounding* por no darse ninguna de las excepciones reconocidas dado que la deficiencia arancelaria por la primera comparecencia fue por decisión de la parte o de sus abogados.

> Al no establecer, en la alternativa, el efecto de la cancelación del arancel por primera comparecencia el pasado 14 de noviembre de 2024, esto es, a más de 6 años de haber incluido en el caso de *Sandra Monsegur,*

*et al.*, a los nuevos demandantes mediante el mecanismo de enmienda a la demanda.

De acuerdo con la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, este Foro puede "prescindir de términos no jurisdiccionales, específicos," escritos, notificaciones o procedimientos adicionales, "con el propósito de lograr su más justo y eficiente despacho". Así, prescindimos de la comparecencia de la parte recurrida.

**II.**

**A.**

Todo litigante tiene el deber de acompañar el pago de aranceles para iniciar el trámite de su causa; de lo contrario el recurso resultaría inoficioso. Ley Núm. 47-2009, 32 LPRA sec. 1477 *et seq.* (Ley de Aranceles); *In re: Aprobación de los Derechos Arancelarios,* 192 DPR 397 (2015); *M-Care Compounding et al. v. Dpto. de Salud,* 186 DPR 159, 177 (2012); *Gran Vista I v. Gutiérrez y Otros*, 170 DPR 174, 191 (2007). Esta obligación de pagar aranceles y de adherir los sellos de rentas internas al escrito inicial busca cubrir, en parte, los gastos asociados a los trámites judiciales. *Gran Vista I v. Gutiérrez y otros, supra*, pág. 188.

Cuando no se adhieren los sellos de rentas internas correspondientes al comparecer por primera vez ante el Tribunal de Primera Instancia, el Tribunal de Apelaciones o el Tribunal Supremo, el recurso presentado es nulo y carece de valor. *M-Care Compounding et al. v. Dpto. de Salud, supra*, pág. 174. Por tanto, el pago de aranceles es una de las condiciones necesarias para que se perfeccione cualquier recurso. *Íd.*

El Tribunal Supremo ha señalado la existencia de excepciones al pago de aranceles, además de la litigación *in forma pauperis.* En ese sentido, ha expresado que no se entenderá nulo el recurso presentado sin aranceles, cuando dicha deficiencia: "ocurre sin intervención de la parte ni intención de defraudar, sino por

inadvertencia de un funcionario judicial, que acepta por equivocación un escrito sin pago alguno o por una cantidad menor de los aranceles que corresponden. Tampoco es nulo el escrito judicial si la insuficiencia se debió a las instrucciones erróneas del Secretario del Tribunal, sin intervención de la parte, colusión o intención de defraudar. Ahora bien, si no están presentes ninguna de esas circunstancias, procede la desestimación de la acción." *M-Care Compounding et al. v. Dpto. de Salud, supra,* pág.177. Así, en estos casos, el error puede corregirse por la parte que adeuda el arancel. *Gran Vista I v. Gutiérrez y otros, supra*, pág. 190.

**B.**

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023); *León v. Rest. El Tropical,* 154 DPR 249 (2001). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Scotiabank v. ZAF Corp.*, 202 DPR 478 (2019).[7]

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. Ahora bien, no significa poder actuar en una forma u otra, haciendo

---

[7] El recurso de *certiorari,* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, supra.

abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, evaluar, tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada. Ello, para tomar la determinación si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97-98 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte

que las impugne probar lo contrario. *Vargas v. González*, 149 DPR 859, 866 (1999).

### III.

Debido a que la controversia bajo nuestra consideración versa sobre la denegatoria de una moción de carácter dispositivo, podemos revisar discrecionalmente la decisión recurrida por vía del auto de *certiorari,* conforme la Regla 52.1 de Procedimiento Civil, *supra.*

Según surge del expediente, el TPI tomó conocimiento del asunto de los aranceles que le correspondía cancelar a la parte recurrida y de la postura de la parte peticionaria. Como parte del ejercicio de discreción que ostenta en el manejo de los casos y en un balance de intereses, el juzgador de los hechos expuso que la situación no fue producto de fraude o colusión de la parte recurrida. Además, aclaró que los aranceles fueron debidamente cancelados.

En vista de lo anterior y tras un análisis de la totalidad de las circunstancias del caso, colegimos que no concurre ninguno de los criterios que mueva nuestra discreción para expedir el auto solicitado por la parte peticionaria. Lo anterior, por no encontrar indicio alguno de que el TPI actuó de forma arbitraria, caprichosa, en abuso de su discreción o que haya cometido algún error de derecho.

### IV.

Por los fundamentos expuestos, denegamos la expedición del auto de *certiorari.* Regla 52.1 de Procedimiento Civil, *supra*, y Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.* En consecuencia, devolvemos el caso al TPI para la continuación de los procedimientos.

Lo acordó el Tribunal y lo certifica la Secretaria. La Juez Barresi Ramos concurre con el resultado sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones